**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UROS VUJOVIC,

      Petitioner,

v.                                                                     No. 1:26-cv-00171-MLG-JMR

KRISTI NOEM, Secretary, Department of
Homeland Security; MARY DE ANDA-YBARRA,
Director, El Paso Field Office, Immigration and
Customs Enforcement; and GEORGE DEDOS,
Warden, Torrance County Detention Center,

      Respondents.

## ORDER CONSOLIDATING CASES

Petitioner Uros Vujovic, a Serbian citizen, is detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc. 1 at 1 ¶¶ 1-2. He filed a Petition for Writ of Habeas Corpus ("First Petition"), Doc. 1, on January 27, 2026, seeking immediate release from custody, or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). *See* Doc. 1 at 16. The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to Vujovic's First Petition on behalf of the federal Respondents in this case. *See* Doc. 3. After receiving the USAO's response, the Court partially granted Vujovic's First Petition and ordered Federal Respondents to provide him with a bond hearing at which they were required to justify his continued detention by clear and convincing evidence. Doc. 8 at 4.

The immigration judge ("IJ") did not hold Federal Respondents to this evidentiary standard at a bond hearing held on February 12, 2026, so a second bond hearing was held on February 18, 2026. Doc. 9 at 2 ¶¶ 2-4. The IJ denied bond because Vujovic "is in Asylum-Only proceeding[s,]" he "unlawfully entered the United States [in] 2021 as a crewmember[,]" he "does

not appear to have a viable claim for relief from removal[,]" he "lacks family ties to the United States" and he was "arrested in connection with a theft in Germany." Doc. 9-2 at 1. The following day, Vujovic filed a Motion to Enforce the Court's February 11, 2026 Order ("Motion to Enforce"), arguing that the IJ again failed to apply the proper evidentiary standard at the second bond hearing. Doc. 11.

While the Motion to Enforce was pending in this matter, Vujovic initiated a new habeas proceeding. *See Vujovic v. Mullin*, No. 1:26-cv-1430-MLG-JHR (D.N.M.). In his second Petition for Writ of Habeas Corpus ("Second Petition"), Vujovic argues that the bond hearing he received pursuant to the Court's February 11, 2026, Order was inadequate because the IJ's decision to deny bond was not supported by clear and convincing evidence. *See* Petition for Writ of Habeas Corpus at 1-2, *Vujovic v. Mullin*, No. 1:26-cv-1430-MLG-JHR (D.N.M.). Like his Motion to Enforce, Vujovic's Second Petition requests immediate release or a new bond hearing before a neutral adjudicator that complies with due process. *Compare id.* at 2 ¶ 8, *with* Doc. 11 at 7.

Given the common Petitioner, Respondents, facts, and requests for relief, and because no delay, confusion, or prejudice will result, the Court shall consolidate these two cases. *See* Fed. R. Civ. P. 42(a)(2) (permitting consolidation of actions if they "involve a common question of law or fact"); *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) ("If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause."); *see also Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) sua sponte.").

Therefore:

1.  Case No. 1:26-cv-00171-MLG-JMR and Case No. 1:26-cv-1430-MLG-JHR are consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2).

2.  All subsequent filings in these cases must be filed in No. 1:26-cv-00171-MLG-JMR.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA