IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UROS VUJOVIC,

Petitioner,

v. 1:26-cv-00171-MLG-JMR

MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement*; GEORGE DEDOS, *Warden, Torrance County Detention Center*; MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*,

Respondents,

Consolidated with:

UROS VUJOVIC,

Petitioner,

v. 1:26-cv-01430-MLG-JMR

MARY DE ANDA-YBARRA, *Director, El Paso Field Office, Immigration and Customs Enforcement*; GEORGE DEDOS, *Warden, Torrance County Detention Center*; MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*,

Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner Uros Vujovic's Motion to Enforce the Court's February 11, 2026, Order. Doc. 11. The federal Respondents filed a response. Doc. 12. Respondents also provided the Court with a recording of Petitioner's bond hearing. Doc. 15 ("Audio Ex."). Mr. Vujovic did not file a reply. United States District Judge Matthew L. Garcia referred this motion to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to recommend an

ultimate disposition. Doc. 16. I recommend the Court deny Mr. Vujovic's Motion to Enforce the Court's February 11, 2026, Order.

## I. Background

On February 11, 2026, Judge Garcia partially granted Mr. Vujovic's Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief (Doc. 1). Doc. 8. In doing so, Judge Garcia ordered the federal Respondents to "provide Vujovic with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within five days." *Id.* at 4. Judge Garcia ordered that, at the bond hearing, the government must bear the burden of proof demonstrating that Mr. Vujovic should remain detained by "clear and convincing evidence." *Id.* Judge Garcia also warned: "If Vujovic does not receive a bond hearing in accordance with this Order, the Court may order his immediate release." *Id.*

On February 12, 2026—one day later—an Immigration Judge ("IJ") held a bond hearing for Mr. Vujovic denying bond. Doc. 9 at 2; *see also* Doc. 9-1 ("Order of the Immigration Judge" dated February 12, 2026). However, the IJ applied the wrong legal standard—placing the burden of proof on Mr. Vujovic. Doc. 9 at 2. In an attempt to cure this error, the IJ held a second bond hearing on February 18, 2026—seven days after the Court's order. *Id.*; *see also* Doc. 9-2 ("Amended Order of the Immigration Judge" dated February 18, 2026). The IJ again denied bond. Doc. 9-2.

## II. The Parties' Arguments

Mr. Vujovic argues that the federal Respondents failed to comply with this Court's February 11, 2026, Order. Doc. 11. Specifically, he argues that his due process rights were violated during his bond hearings. *Id.* at 6–7. As a remedy, Mr. Vujovic requests the Court "enter an order for Petitioner's immediate release from custody, or alternatively schedule a new bond

hearing, before a neutral adjudicator, that complies with this Court's order, due process and the federal regulations." *Id.* at 1.

The federal Respondents argue that (1) this matter should have been brought before the Board of Immigration Appeals, (2) Petitioner failed to exhaust administrative remedies, and (3) this Court lacks jurisdiction. Doc. 12 at 1–3.

I recommend the Court find that (1) it has jurisdiction to review Petitioner's constitutional claims, (2) Petitioner is not required to exhaust administrative remedies, and (3) the federal Respondents sufficiently complied with this Court's February 11, 2026, Order.

## III. Jurisdiction & Standard of Review

Respondents argue that this Court lacks jurisdiction to decide this motion. Doc. 12 at 2–3. I recommend the Court find that it has ancillary enforcement jurisdiction over Petitioner's constitutional claims.

It is "without doubt that a federal court has jurisdiction to enjoin actions that threaten to interfere with an order it has entered." *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1319 (10th Cir. 2022) (citation modified). Courts have ancillary jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994); *see also Phone Directories Co. v. Clark*, 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments.").

"[A]ncillary enforcement jurisdiction is a creature of the common law." *Atlas Biologicals, Inc.*, 50 F.4th at 1318. It "rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety." *Id.* at 1319 (citation omitted). "'[A] court

may decide collateral matters necessary to render complete justice,' . . . and '[w]ithin a federal court's ancillary jurisdiction is the power to conduct proceedings necessary to protect and give effect to its judgments.'" *Id.* (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982) and *Sandlin v. Corp. Interiors Inc.*, 972 F.2d 1212, 1216 (10th Cir. 1992)).

That said, Congress may strip the lower courts of jurisdiction. *Patchak v. Zinke*, 583 U.S. 244, 252 (2018). In the context of immigration bond hearings, it has done so. *See* 8 U.S.C. § 1226(e). Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.*

Section 1226(e), however, does not deprive the Court of "authority to review statutory and constitutional challenges."[1] *Al-Siddiqi v. Achim*, 531 F.3d 490, 494 (7th Cir. 2008); *see also Demore v. Kim*, 538 U.S. 510, 517, (2003) ("[W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear.") (citations omitted); *Ho v. Greene*, 204 F.3d 1045, 1052 (10th Cir. 2000), *overruled in part on other grounds by Zadvydas v. Davis*, 533 U.S. 678 (2001) (citing with approval the Seventh Circuit's holding that § 1226(e) does not prohibit statutory challenges) (citing *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999)).

In keeping with this principle, federal courts enforcing their own orders for respondents to hold an immigration bond hearing have emphasized that their "task is narrow." *R.R.M.C. v.*

[1] The Second and Ninth Circuits have also held that § 1226(e) does not prohibit review of "questions of law." *See Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020).

*Decker*, No. 22 CIV. 2952 (LGS), 2022 WL 4639674, at *3 (S.D.N.Y. Sept. 30, 2022). The Court does not have jurisdiction to consider a petitioner's disagreement "with the immigration judge's weighing of the evidence and exercise of discretion." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019); *Paposhvili v. Mullin*, No. 2:26-CV-00961-KWR-GJF, 2026 WL 1816176, at *3 (D.N.M. June 24, 2026) (holding the same); *Castro Pascual v. Dedos*, No. CV 26-1621 KG/GJF, 2026 WL 2149749, at *8 (D.N.M. July 27, 2026) (same). Instead, the Court has "jurisdiction to determine whether the IJ complied with the due process requirements." *Donouvo v. Bondi*, No. 1:26-CV-00192-KG-KK, 2026 WL 776365, at *2 (D.N.M. Mar. 19, 2026); *Brena v. Olson*, No. 1:26-CV-00931-JMS-MJD, 2026 WL 1625379, at *3 (S.D. Ind. June 5, 2026) (holding the same); *Herrera-Andy v. Liggins*, No. CV MJM-26-1634, 2026 WL 2253636, at *2 (D. Md. Aug. 5, 2026) (same).

Under this framework, I recommend that the Court find it has ancillary enforcement jurisdiction to review whether the federal Respondents complied with its February 11, 2026, Order in a manner that comports with due process.[2] *See Atlas Biologicals, Inc.*, 50 F.4th at 1319; *see also R.R.M.C*, 2022 WL 4639674, at *3 (similarly finding that a district court has ancillary jurisdiction to enforce its order for respondents to provide an immigration detainee a bond hearing); *Espinoza v. Maldonado*, No. 26-CV-01007 (RER), 2026 WL 1623056, at *2 (E.D.N.Y.

[2] The Motion to Enforce the Court's February 11, 2026, Order (Doc. 11) is the only matter referred to me. Doc. 16. However, Mr. Vujovic's Petition for Writ of Habeas Corpus that was consolidated with this case raises the same arguments. *See* Doc. 1, *Vujovic v. Mullin, et al.*, 1:26-cv-01430-MLG-JMR (filed May 6, 2026). The Court has original habeas jurisdiction to decide that Petition under 28 U.S.C. § 2241. *Id.* at 3. Under § 1226(e), the Court similarly may still review a "constitutional challenge" regarding Mr. Vujovic's bond hearing. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Thus, my analysis regarding Petitioner's due process rights equally applies to the claims raised in his second habeas petition. *See Infra* § V.

June 5, 2026) (same); *De Armas Ramos v. Bondi*, No. 26-CV-00455-KG-KRS, 2026 WL 837244, at *1 (D.N.M. Mar. 26, 2026) (same); *Roman v. Decker*, No. 20-CV-6752 (AJN), 2021 WL 3173138, at *2 (S.D.N.Y. July 27, 2021) (same); *Massingue v. Streeter*, No. 3:19-CV-30159-KAR, 2020 WL 1866255, at *4 (D. Mass. Apr. 14, 2020) (same).

The federal Respondents argue that § 1226(e) deprives this Court entirely of jurisdiction. Doc. 12 at 3. I disagree. Section 1226(e) does not deprive the Court of "authority to review . . . constitutional challenges." *Al-Siddiqi*, 531 F.3d at 494; *see also Miranda v. Garland*, 34 F.4th 338, 353 (4th Cir. 2022) (holding the same). I do not recommend that the Court review the "discretionary judgment" of the Immigration Judge. *See* § 1226(e). Rather, the Court should limit its review to the "narrow" task of determining whether Respondents complied with due process in relation to its order. *See R.R.M.C*, 2022 WL 4639674, at *3. Notably, the Court may not disguise its review of an Immigration Judge's discretionary judgment in "constitutional rhetoric." *See Hafoka v. Sessions*, 734 F. App'x 565, 571 (10th Cir. 2018) (Petitioner "can't use rhetorical artifice to create jurisdiction that Congress expressly withdrew."). I recommend that the Court find that § 1226(e) does not entirely deprive the Court of jurisdiction to ensure its own orders were followed in compliance with due process.

## IV. Exhaustion

The federal Respondents also argue that Petitioner's motion should be denied because Petitioner "failed to exhaust readily available administrative remedies." Doc. 12 at 2. I recommend that the Court find that Petitioner was not required to exhaust administrative remedies for his constitutional claims.

There is no statutory exhaustion requirement for constitutional challenges to an immigration bond determination. *See, e.g.*, *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir.

2004) (noting the same). Instead, courts, in their discretion, will often require habeas petitioners to exhaust their claims. *Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) ("But where Congress had not clearly required exhaustion, sound judicial discretion governs.") (citation omitted). "This exhaustion requirement is not in the text of § 2241; it is a prudential requirement imposed by the courts, and may therefore be waived." *Tyson v. Jeffers*, 115 F. App'x 34, 39 (10th Cir. 2004) (unpublished).

Exhaustion is not generally required for constitutional questions, which the Board of Immigration Appeals lacks authority to resolve. *Vicente Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). *But see id.* ("The only caveat is that objections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review.") (citations omitted). "Where a petitioner challenges the evidence the IJ considered and its sufficiency, that is an issue that should be appealed to the BIA." *Conhamaques Tavora v. De Anda Ybarra*, No. CV 25-1281 MLG/GJF, 2026 WL 2299541, at *5 (D.N.M. Aug. 11, 2026). But exhaustion is not required for due process challenges to an immigration bond hearing.

Furthermore, regarding this Court's enforcement authority, there are no administrative remedies. "[T]his Court, not the agency, has the authority to determine whether to enforce its own orders." *Id.*

Because this Court's review of the bond hearing is limited to Petitioner's constitutional challenges and compliance with this Court's orders, I recommend the Court decline to impose an exhaustion requirement on Petitioner's claim. *See Vicente Elias*, 532 F.3d at 1094; *Conhamaques Tavora*, 2026 WL 2299541, at *5.

## V. Merits

"Petitioner requests that the Court order the Respondents to immediately release Petitioner, or in the alternative to order the Respondents to schedule a bond hearing, where the burden is on the Government to prove by clear and convincing evidence that the detainee poses a danger or flight risk before a neutral adjudicator." Doc. 11 at 5–6. The federal Respondents ask that the Court deny both requests. Doc. 12 at 1–3. After review of the arguments and the applicable law, I recommend the Court deny Petitioner's requests because the federal Respondents sufficiently complied with this Court's order.

Most notably in this Court's review, the federal Respondents did not meet the Court's hearing deadline. The Court ordered the federal Respondents to "provide Vujovic with an individualized bond hearing" where the government bore the burden of proof, "within five days." Doc. 8 at 4. The first bond hearing admittedly occurred within a day of the Court's order, but at the hearing, the IJ mistakenly reversed the burden of proof putting it on Mr. Vujovic. *See* Doc. 9-1. The IJ corrected the mistake at a second bond hearing, though the hearing did not take place until seven days after the Court's order. *See* Doc. 9-2. The federal Respondents did attempt to promptly comply with the Court's order, but the IJ made a mistake. When the federal Respondents noticed the mistake, they then quickly attempted to remedy it. During the second bond hearing, the IJ admits that he "didn't notice" the Court's order regarding the burden of proof. Audio Ex. 00:21-00:28. There is no evidence that the delay was intentional or a result of bad faith. Petitioner was also not prejudiced by this delay. Indeed, a two-day delay in holding a bond hearing is not generally an error of constitutional magnitude. *Compare with Cordova v. City of Albuquerque*, No. 11-CV-806-GBW/ACT, 2013 WL 12040728, at *5 (D.N.M. Dec. 19, 2013) (noting, after surveying case law, that the "shortest delay" between a criminal indictment

and initial appearance "found to constitute a [Due Process] violation was 18 days.") (citing *Coleman v. Frantz*, 754 F.2d 719, 723–24 (7th Cir. 1985)); *see also Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6, 2026) (noting in a slightly different posture that "Courts have found that a bond hearing, even after different lengths of delay, sufficiently provides the petitioner with the process he is due."). For these reasons, I recommend the Court excuse the two-day delay in holding a bond hearing that fully complied with the Court's order.

The federal Respondents complied with the Court's core order to "provide Vujovic with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge." Doc. 8 at 4. Petitioner argues that the IJ "failed to act as a neutral adjudicator" because he "found Petitioner is a flight risk[—]which is contrary to the more than 200 pages of evidence submitted to the Court in support of bond." Doc. 11 at 5. At the second bond hearing the IJ explained that he considered the parties' exhibits, "along with everything that is in the record in his underlying removal case," Mr. Vujovic's claim, his testimony, and argument from the attorneys for both sides. *See* Audio Ex. 10:18-10:37. This Court's review is limited, and it may not consider whether Mr. Vujovic's "more than 200 pages of evidence" outweighs the government's evidence. *See Diaz Ortiz*, 384 F. Supp. 3d at 144. There is no evidence suggesting that the IJ failed to act as a neutral adjudicator.

Petitioner also argues that his due process rights were violated during the two bond hearings. As to the first bond hearing, Petitioner argues that the IJ erred by applying the wrong burden of proof at the first bond hearing. Doc. 11 at 1–4, 6–7. The federal Respondents and I

agree with Petitioner that the IJ erred in applying the wrong burden during the first bond hearing. However, the second bond hearing cured this error.[3]

The second bond hearing comported with due process. In compliance with this Court's order, the IJ applied the correct burden of proof. *See* Audio Ex. 9:34-9:41 ("The department has demonstrated by clear and convincing evidence that [Mr. Vujovic's] . . . further detention is justified."). The IJ made his decision based on the record evidence, including Mr. Vujovic's testimony (Audio Ex. 02:22-07:35), various exhibits, and the record in the underlying removal proceedings. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("In a fundamentally fair bond hearing, due process" requires "factfinding based on a record produced before the decisionmaker and disclosed to [the noncitizen]."). Mr. Vujovic was able to speak to the IJ, and his attorney made arguments on his behalf. Audio Ex. 07:40-09:19; *see also Ghanem*, 2022 WL 574624, at *2 ("In a fundamentally fair bond hearing, due process" requires the noncitizen "be allowed to make arguments on his or her own behalf."). Lastly, the IJ made an individualized determination as to whether Mr. Vujovic should be detained. *See id.* ("In a fundamentally fair bond hearing, due process" requires "an individualized determination of [the noncitizen's] interests."). Mr. Vujovic was afforded due process during this second bond hearing.

[3] Petitioner does not argue that holding a second bond hearing was an insufficient cure. To the contrary, Petitioner asks that the Court order the federal Respondents to hold a third bond hearing to cure the due process violation—implicitly acknowledging that a subsequent bond hearing could cure the initial error. *See* Doc. 11 at 7 ("Petitioner requests that the Court . . . order Respondents to immediately release Petitioner or to schedule a bond hearing before a neutral factfinder, where the burden is on the Government to prove by clear and convincing evidence that the detainee poses a danger or flight risk.).

Mr. Vujovic argues that the IJ's ruling "is inconsistent with historical bond practices before the Immigration Courts across the country spanning more than a decade." Doc. 11 at 5 (citing Petitioner's Exhibit 4). He alleges that "the standard for bond proceedings, prior to these last couple months, had always been that it was rare for bond to be denied solely based on flight risk." *Id.* This argument challenges the IJ's discretionary judgment, which this Court may not consider. *See* § 1226(e). It does not raise a constitutional challenge. *See Trump v. Slaughter*, 146 S. Ct. 2283, 2342 n.14 (2026) (Sotomayor, J., dissenting) ("[T]he Constitution does not prohibit every unwise policy choice."). This shift in historical practice does not inherently mean that Mr. Vujovic was denied due process.

Petitioner also complains that "the IJ questioned the federal court's order about burden shifting." Doc. 11 at 1. Undoubtedly, the IJ questioned the wisdom of the Court's order requiring that the government justify Petitioner's detention by "clear and convincing evidence." *See* Audio Ex. 00:21-00:37.[4] Regardless of this questioning, the IJ then proceeded with the bond hearing in accordance with the Court's order. *See, e.g.*, *id.* at 9:34-9:41 (finding that the department met its burden to justify Mr. Vujovic's continued detention by "clear and convincing evidence"). Thus, the IJ ultimately complied with this Court's directive.

In sum, I recommend the Court find that the federal Respondents sufficiently complied with the Court's February 11, 2026, Order in a manner that comports with due process. As such,

---

[4] IJ: We're essentially re-opening the last bond hearing because the habeas order, I didn't notice, it flips the burden of proof.

Counsel: Yes.

IJ: Which I don't know how they decided about that, but . . . Anyways.

Audio Ex. 00:21-00:37.

I recommend the Court deny Petitioner's request for habeas relief and decline to order a third bond hearing.

## VI. Recommendation

I recommend that the Court deny Mr. Vujovic's Motion to Enforce the Court's February 11, 2026, Order. Doc. 11. Specifically, I recommend that the Court find that:

1) it has ancillary enforcement jurisdiction and may review Mr. Vujovic's constitutional claims, *supra* § III;
2) Petitioner was not required to exhaust administrative remedies, *supra* § IV;
3) the federal Respondents sufficiently complied with this Court's February 11, 2026, order, s*upra* § V.

As such, I recommend the Court deny Petitioner's request for habeas relief and decline to order the federal Respondents to provide Petitioner a third bond hearing.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

JENNIFER M. ROZZONI
United States Magistrate Judge